UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINEAR GROUP SERVICES, LLC,

        Plaintiff and Counter-Defendant,        Case No.  13-cv-10108
                                                                     HON.  GERSHWIN A.  DRAIN

v.

ATTICA AUTOMATION,

        Defendant and Counterclaimant,
and

ND INDUSTRIES, INC.,

        Counter-Defendant.
_____/

**ORDER FINDING ATTICA AUTOMATION, INC.'S MOTION TO COMPEL INITIAL DISCLOSURES [#21] MOOT AND GRANTING ATTICA AUTOMATION, INC.'S MOTION TO COMPEL FIRST SETS OF INTERROGATORIES AND RULE 34 REQUESTS [#20]**

**I.     INTRODUCTION**

On January 11, 2013, Plaintiff/Counter-Defendant, Linear Group Services, LLC ("Linear"), filed the instant action seeking a declaratory judgment of non-infringement and invalidity of Defendant/Counterclaimant, Attica Automation's ("Attica"), United States Patent No. 6,787,724 (the "'724 Patent") for a sorting machine, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  The '724 Patent discloses and claims a state-of-the-art sorting machine for fasteners and similar work pieces.  Linear and Attica are direct competitors in the market for industrial sorting machines.

On February 28, 2013, Attica filed its Answer and Counterclaim alleging that Linear has and

-1-

continues to infringe the '724 Patent by making and selling sorting machines that embody the invention of the '724 Patent. Attica also claims that Counter-Defendant, ND Industries, Inc. ("ND Industries") is directly and indirectly infringing the '724 Patent by using sorting machines supplied by Linear that infringe the '724 Patent.

Presently before the Court is Attica's Motion to Compel Linear and ND Industries to Comply with the Initial Disclosure Requirements of Fed. R. Civ. P. 26(a)(1)(A), filed on June 3, 2013. Also before the Court is Attica's Motion to Compel Discovery from Linear and ND Industries on First Sets of Interrogatories and Rule 34 Requests, filed on May 29, 2013. The Court has ordered resolution of these matters pursuant to E.D.Mich. L.R. 7.1(f)(2).

## II.    LAW & ANALYSIS

### A.    Attica's Motion to Compel Initial Disclosures

Attica brings the present motion arguing that Linear and ND Industries failed to comply with Federal Rule of Civil Procedure 26(a)(1)(A) because their initial disclosures failed to provide any contact data, failed to identify the discoverable information possessed by each person named, and, in some cases, merely referred to nameless representatives of corporate non-parties.

Federal Rule of Civil Procedure 26(a)(1)(A) states in relevant part:

> **(a)    Required Disclosures.**
> **(1) Initial Disclosure.**
>    **(A)** *In General*. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>        **(i)**    the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i).

In response, Linear and ND Industries argue that they have no objection to supplementing their initial disclosures and have in fact done so on June 17, 2013. A review of Linear and ND Industries' supplemental initial disclosures reveals that the issues complained of in Attica's present motion have been remedied.

Linear and ND Industries further assert that counsel for Attica did not make a "serious effort" to meet and confer to ascertain whether Court intervention was actually needed to resolve the instant dispute. Attica responds that opposing counsel has engaged in a pattern of failing to respond to Attica's correspondence. Additionally, Attica claims that Linear's and ND Industries' deficient initial disclosures could not have been accidental since the requirements of Rule 26 have been known to federal practitioners for the past twenty years. Thus, Attica requests an award of its reasonable costs incurred as a result of bringing the instant motion. The Court declines to issue an award for costs at this time. However, the Court advises the parties that any future failure to respond in a reasonably timely manner to correspondence from opposing counsel may result in the imposition of sanctions. Accordingly, the Court finds that Attica's Motion to Compel Linear and ND Industries to Comply with the Initial Disclosure Requirements of Fed. R. Civ. P. 26(a)(1)(A) is MOOT.

### B. Attica's Motion to Compel Discovery of Linear and ND Industries on First Sets of Interrogatories and Rule 34 Requests

Attica moves for an order overruling Linear's and ND Industries' objections to Interrogatory Request No. 3 and Rule 34 Requests No. 1, 6, 11 and 12.[1] "The scope of discovery under the

---

[1] Approximately one week after Attica filed its Motion to Compel, Linear and ND Industries served a collection of documents on Attica. Attica therefore withdraws without prejudice its request to compel as to Interrogatories No. 1 and 2 and Rule 34 Requests No. 4, 5 and 8.

Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

> Attica's Interrogatory No. 3 requests:
>
> For each Sorting Machine, identify by Bates No. the current technical specification(s) describing the components and operation of the Sorting Machine.

*See* Dkt. No. 20, Ex. 2. Linear responded to this discovery request:

> Plaintiff objects to this question because it is vague as to "technical specification(s) describing the components and operation of the Sorting Machine." In further answer, see Operation Manual.

*Id.* Attica complains that Linear cannot avoid producing the requested discovery when it seeks a declaratory judgment that its sorting machine does not infringe the '724 Patent.

As an initial matter, Linear and ND Industries argue that some of the discoverable material was not provided to Attica because the parties had yet to agree on the entry of a protective order. The parties have since stipulated to a protective order, which the Court entered on May 28, 2013. As soon as the protective order was entered by the Court, Linear promptly produced its Operation Manual. Attica argues that the Operation Manual is not responsive to this discovery request because it is a non-technical user manual explaining how to unpack, level, power-up and run a Linear Model LV4000CE sorting machine. It does not reveal the machine architecture, components or engineering principles of Linear's sorting machine.

Here, the Court concludes that the discovery sought is relevant to the claims asserted herein. The technical specifications describing the components, engineering principles and architecture of

Linear's sorting machine shall be provided to Attica <u>within fourteen days from the date of this Order</u>. Linear's objections to this discovery request are therefore overruled.

Similarly, Attica's Request to Produce No. 1 seeking "[s]pecifications or other documents sufficient to describe the Sorting Machines" is relevant to the parties' claims. Linear shall produce these documents <u>within fourteen days from the date of this Order</u>.

Attica's Request to Produce No. 6 seeks production of documents concerning "[a]ll sales and volume forecasts for Sorting Machines." Linear objects "on the grounds that this request is vague and overly broad and requests confidential and proprietary information not reasonably likely to lead to admissible evidence." *See* Dkt. No. 20, Ex. B. Linear further argues that this request seeks irrelevant information as what Linear forecasts for sales of its sorting machines is not relevant to the claims raised herein, rather only actual sales are relevant to the issue of damages. Attica responds that this information is relevant to the "reasonable royalty" compensatory damages determination under 35 U.S.C. § 284. The Court agrees with Attica and overrules Linear's and ND Industries' objection to this request.

"Upon a showing of infringement, a patentee is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." *ResQNet.com, Inc. v. Lansa, Inc*., 594 F.3d 860, 868 (Fed. Cir. 2010). "There are two methods by which damages may be calculated under the statute. If the record permits the determination of actual damages, namely, the profits the patentee lost from the infringement, that determination accurately measures the patentee's loss. If actual damages cannot be ascertained, then a reasonable royalty must be determined." *Hanson v. Alpine Valley Ski Area, Inc*., 718 F.2d 1075, 1078 (Fed. Cir. 1983). "A reasonable royalty can be calculated from an established royalty, *the*

*infringer's profit projections for infringing sales*, or a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D. N.Y. 1970). *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F.Supp.2d 521, 528 (E.D. Mich. 2012) (emphasis supplied)(citing *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010)). Here, Linear's and ND Industries sales forecasts are relevant to the issue of damages. Linear fails to provide any authority for the proposition that this discovery is irrelevant to the issues raised herein. Accordingly, the court orders Linear to respond to Attica's Request to Produce No. 6 within fourteen days from the date of this Order.

Attica's Request to Produce No. 11 seeks "[a]ll documents relating to or referring to a sorting product of Attica." *See* Dkt. No. 20, Ex. B. Linear objected because the request "is vague and overly broad, and seeks information protected by the work product doctrine." *Id.* The Court concludes that the documents referring to a sorting product of Attica are relevant to several issues in this matter. Specifically, these documents are relevant to damages calculations under several *Georgia-Pacific, supra*, factors, compensatory damages for lost profits, and whether Linear's purported infringement was willful. Further, the assertion that all of these documents are subject to the work-product doctrine appears disingenuous because none of the documents identified on Linear's and ND Industries' privilege log relate to or refer to any sorting products of Attica. The Court overrules Linear's and ND Industries' objections to this discovery request and orders Linear and ND Industries to produce the documents or an updated privilege log within fourteen days from the date of this Order.

Lastly, Request to Produce No. 12 seeks "[a]ll documents in the files of Richard Wallace relating to the subject matter of the Complaint . . . ." Linear and ND Industries objected "on the

-6-

grounds that this request is vague and overly broad, and seeks information protected by the work-product doctrine and the attorney-client privilege." *See* Dkt. No. 20, Ex. B. Wallace is listed in Linear's and ND Industries' initial disclosures as a person having "knowledge regarding plaintiff's noninfringement, the sales and profits from the accused machine, and invalidity of the patent-in-suit." *See* Dkt. No. 20, Ex. F.

Linear and ND Industries argue that the privileged documents from Wallace's file are listed on the privilege log. In response, Attica makes some compelling arguments undermining Linear's and ND Industries' blanket assertion that all of the documents in Wallace's file are subject to privilege. Accordingly, the Court orders Linear and ND Industries to produce these documents for an *in camera* inspection within fourteen days from the date of this Order.

## IV. CONCLUSION

Accordingly, Attica's Motion to Compel Linear and ND Industries to Comply with the Initial Disclosure Requirements of Fed. R. Civ. P. 26(a)(1)(A) [#21] is MOOT.

Attica's Motion to Compel Discovery from Linear and ND Industries on First Sets of Interrogatories and Rule 34 Requests [#20] is GRANTED. Linear and ND Industries shall respond to Attica's Interrogatory No. 1 and Requests to Produce Nos. 1, 6, and 11 within fourteen days from the date of this Order. Linear and ND Industries shall provide the documents responsive to Request to Produce No. 12 to the Court for an *in camera* inspection within fourteen days from the date of this Order.

SO ORDERED.

Date: July 31, 2013               s/ Gershwin A. Drain
                                  GERSHWIN A. DRAIN
                                  UNITED STATES DISTRICT JUDGE