UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

LINEAR GROUP SERVICES, LLC,

      Plaintiff,                        Case No. 2:13-cv-10108-GAD-MKM

vs.                                  Hon. Gershwin A. Drain

ATTICA AUTOMATION, INC.,       Magistrate Judge Mona K. Majzoub

      Defendant,

vs.

ND INDUSTRIES, INC.,

      Counter-Defendant.
_____/

## PLAINTIFF'S MOTION AND BRIEF TO STRIKE AND DISREGARD DEFENDANT'S UNTIMELY EXTRINSIC EVIDENCE FOR CLAIM CONSTRUCTION

## <u>MOTION</u>

Plaintiff moves to strike, and for the Court to disregard, the untimely extrinsic evidence which defendant disclosed for the first time in its claim construction response brief (Dkt. 48).  Defendant's improper extrinsic evidence is voluminous -- consisting of two lengthy affidavits and in excess of 100 pages of documentation (Dkt. 48-7, 48-8, 48-9 and 48-10).  This motion is supported by the accompanying brief.

Pursuant to Local Rule 7, there was a conference, via exchange of correspondence, in which plaintiff explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

## <u>BRIEF IN SUPPORT</u>

## I.  <u>ISSUE PRESENTED</u>.

Should the Court strike and disregard voluminous extrinsic evidence submitted by defendant in an untimely manner in defendant's claim construction response brief?  The answer is "yes."

## II. <u>LEGAL AUTHORITY</u>.

Fed. R. Civ. P. 37(b) and (d)

*Achor Wall Systems, Inc., v. Rockwood Retaining Walls, Inc*., 340 F.3d 1298, 1313
　　　(Fed. Cir. 2003)

*Delphi Automotive Systems, LLC v. Vehicle Occupant Sensing Systems*, 2012 U.S.
　　　Dist. LEXIS 4956 (E.D. Mich. Jan. 17, 2012)

*Lodsys, LLC v. Brother Int'l Corp*., 2013 U.S. Dist. LEXIS 33517, *15-16 (E.D.
　　　Tex. March 12, 2013)

*Nordic Naturals, Inc. v. J.R. Carlson Lab., Inc*., 2008 U.S. Dist. LEXIS 120635,
　　　*29-30 (N.D. Cal. June 6, 2008)

*SPX Corp. v. Bartec USA, LLC*, 2008 U.S. Dist. LEXIS 29745, *11 (E.D. Mich.
　　　April 11, 2008)

## III. <u>DISCUSSION</u>.

A.    <u>Background</u>.

In its Case Management Order, the Court established an orderly and fair process for claim construction. First, by September 16, 2013, the parties were to exchange proposed terms to be construed. (Dkt. 15 at 2.) Second, by October 14, 2013, the parties were to submit a joint claim construction chart. (*Id*.) As explained below, both sides clearly understood that the claim construction chart was supposed to contain the parties' proposed claim constructions for the claim terms, together with the intrinsic and extrinsic evidence upon which they would rely. Third, the parties would submit opening briefs by November 5, response briefs by December 5, and reply briefs by December 23, 2013. (*Id*.) Finally, the Court would have a claim construction hearing on January 29, 2014, so as to achieve a claim construction ruling in advance of the dispositive motion deadline of March 25, 2014, and the July 22, 2014 trial date. (*Id*.)

There is no question that plaintiff fully complied with these requirements. Plaintiff provided claim terms to defendant for construction on August 14, 2013 -- a full month before the deadline. (Exhibit A.) Plaintiff then disclosed the extrinsic evidence upon which it would rely in the claim chart. (Dkt. 42, Exhibit B.) Defendant, in contrast, did not exchange any claim terms for construction, and, more importantly, did not disclose any extrinsic evidence in the

claim chart.  (*See* Dkt. 42.)  Instead, in order to blindside plaintiff, defendant for the first time disclosed voluminous extrinsic evidence in its response brief, making it impossible, as a practical matter, for plaintiff to address this evidence via discovery and the remaining claim construction briefing.[1]

Defendant's tactic of failing to timely disclose extrinsic evidence and then trying to submit such evidence in claim construction briefing is improper, and such evidence should be stricken.  *Nordic Naturals, Inc. v. J.R. Carlson Lab., Inc*., 2008 U.S. Dist. LEXIS 120635, *29-30 (N.D. Cal. June 6, 2008); *Lodsys, LLC v. Brother Int'l Corp*., 2013 U.S. Dist. LEXIS 33517, *15-16 (E.D. Tex. March 12, 2013).  *See also Achor Wall Systems, Inc., v. Rockwood Retaining Walls, Inc*., 340 F.3d 1298, 1313 (Fed. Cir. 2003); *SPX Corp. v. Bartec USA, LLC*, 2008 U.S. Dist. LEXIS 29745, *11 (E.D. Mich. April 11, 2008).[2]

## B.     <u>Defense Counsel Has a Pattern of Disregarding Proper Disclosure of Extrinsic Evidence.</u>

This is not the first time that defense counsel has disregarded the proper disclosure of extrinsic evidence for patent claim construction.  Defense counsel did the same thing just last year in a case before Judge Cook.  *Delphi Automotive Systems, LLC v. Vehicle Occupant Sensing Systems*, 2012 U.S. Dist.

---

[1] Defendant, moreover, is the patentee in this case, not the party defending against alleged infringement.

[2] In addition, Fed. R. Civ. P. 37(b) and (d) provide for the sanction of excluding evidence where a party violates a case management order.

LEXIS 4956 (E.D. Mich. Jan. 17, 2012).  In that case, defense counsel[3] once again tried to disclose extrinsic evidence for the first time in the claim construction response brief.  *Id*. at *9-10 ("Here, the Plaintiffs gave no notice of their intent to rely on any extrinsic evidence – let alone providing VOSS with sufficient information and time to depose Gioutsos and rebut his opinions.").  In that case, defense counsel tried to justify the untimely disclosure by contending that the scheduling order was not clear regarding the need to disclose extrinsic evidence before the start of claim construction briefing.  *Id.* at *4.  Finding that the scheduling order was "arguably ambiguous," Judge Cook let defense counsel off the hook and did not strike the evidence because there was no evidence of a willful deception or a flagrant disregard of the scheduling order.  *Id*. at *5, 11.  However, finding that the opposing party "would plainly be prejudiced" by the untimely disclosure, Judge Cook allowed the opposing party unilaterally to determine how much additional time it needed to address the untimely disclosure.  *Id*. at *10-12.  As the docket for the case indicates, this resulted in an extension of the briefing schedule for the opposing party, and a significant adjournment of the claim construction hearing.  Case No. 2:10-cv-10886, Dkt. 75, 98, 102.

---

[3] The *Delphi* case involved not only the same defense firm as the present case, but it also involved the same lead counsel from that firm.  Attached as Exhibit B is the relevant exhibit filed in that case.

**C.**   **Defense Counsel Cannot Feign an Ignorance in the Present Case.**

Here, it would be disingenuous for defense counsel to feign an ignorance about the requirement to disclose extrinsic evidence in the claim chart. First of all, the untimely extrinsic evidence pertains to the "reject mechanism" claim limitation, and defense counsel knew from the outset of the case that construction of "reject mechanism" was at issue. Secondly, defense counsel did not disclose any claim construction witnesses or extrinsic evidence in their initial disclosures. (Exhibit C.)  Third, long ago, back in April 2013, plaintiff submitted a discovery request explicitly asking defendant to produce its extrinsic evidence. (Exhibit D ¶ 38.)   In response, defense counsel represented that they would produce the extrinsic evidence **in the claim chart** in accordance with the Case Management Order.   (*Id*.)   And fourth, defense counsel thereafter explicitly acknowledged in writing that the claim chart must include "citation to any extrinsic evidence."  (Exhibit A.)  Thus, unlike the arguable ambiguity in the case before Judge Cook, there is no arguable ambiguity here.  Defense counsel knew full well that extrinsic evidence needed to be disclosed in the claim chart.  Thus, unlike the case before Judge Cook, here there is evidence of willful deception or flagrant disregard, and the untimely evidence should be stricken and disregarded.[4]

---

[4] If the Court is inclined to overlook defense counsel's tactics, plaintiff at a minimum should be allowed a full and fair opportunity for discovery and response

WARNER NORCROSS & JUDD LLP

Dated:  December 10, 2013

By:s/James Moskal
James Moskal (P41885)
Attorney for Plaintiff
and ND Industries, Inc.
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan  49503
(616) 752-2000
jmoskal@wnj.com

136149.152851 9638921-1

to the evidence, which would necessitate an adjournment of all pending dates, plus an award of attorney fees.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

LINEAR GROUP SERVICES, LLC,

      Plaintiff,                         Case No. 2:13-cv-10108-GAD-MKM

vs.                                      Hon. Gershwin A. Drain

ATTICA AUTOMATION, INC.,       Magistrate Judge Mona K. Majzoub

      Defendant,

vs.

ND INDUSTRIES, INC.,

      Counter-Defendant.
_____/

## PROOF OF SERVICE

      James Moskal states that he is an attorney with Warner Norcross & Judd LLP, and that on December 10, 2013, he caused a copy of Plaintiff's Motion and Brief to Strike and Disregarding Defendant's Untimely Extrinsic Evidence for Claim Construction to be served electronically upon:

           Robert C.J. Tuttle
           Brooks Kushman
           1000 Town Center
           22nd Floor
           Southfield, MI 48075

WARNER NORCROSS & JUDD LLP

Dated:  December 10, 2013          By: s/James Moskal

James Moskal (P41885)
Attorney for Plaintiff
and ND Industries, Inc.
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan  49503
(616) 752-2000
jmoskal@wnj.com

136149.152851 9638921-1