UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Linear Group Services,

    Plaintiff,

vs.

Case No. 13-10108
HON. GERSHWIN A. DRAIN

Attica Automation, Inc.,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND DISREGARD DEFENDANT'S UNTIMELY EXTRINSIC EVIDENCE FOR CLAIM CONSTRUCTION [#50]**

## I. INTRODUCTION

On January 11, 2013 Linear Group Services, LLC ("Linear") filed the present action against Attica Automation, Inc. ("Attica"), seeking a declaration that its sorting machine does not infringe on Attica's U.S. Patent No. 6,787,724 ("the Patent"), or that the Patent is invalid. On February 28, 2013 Attica brought a counterclaim against Linear and ND Industries, Inc. ("ND").

Presently before the Court is Linear's Motion to Strike and Disregard Defendant's Untimely Extrinsic Evidence for Claim Construction [#50]. This matter is fully briefed. Attica filed a Response on December 17, 2013, and Linear filed a Reply on December 26, 2013. The hearing scheduled for January 7, 2014 is hereby cancelled. E.D. Mich. L.R. 7.1(f)(2).

For the reasons set out below, the Court will DENY Linear's Motion [#50].

## II. FACTUAL BACKGROUND

The technology at issue is a sorting machine for sale by Linear. On September 7, 2004, Attica was granted the Patent for a "Sorting Machine." Currently, a Markman hearing interpreting several of the claims in the Patent is scheduled before this Court on January 29, 2014. A Scheduling Order was issued by this Court on April 29, 2013. The Order set out specific due dates for the numerous briefings due on the Markman hearing. The dates are as follows:

| | |
|---|---|
| Exchange of Proposed Terms and Claims for Construction: | September 16, 2013 |
| Joint Claim Construction Chart due: | October 14, 2013 |
| Opening Briefs on Claim Construction due: | November 5, 2013 |
| Responses to Opening Briefs due: | December 5, 2013 |
| Reply Briefs due: | December 23, 2013 |

In the instant Motion, Linear urges the Court to strike what it considers to be "untimely, voluminous, extrinsic evidence," which Attica disclosed for the first time in its Response brief, rather than in the Joint Claim Construction Chart. The Motion, the Response, and the Reply, all rely on heavy factual arguments and contain limited caselaw.

## III. LEGAL ANALYSIS

### A. Untimely Submissions

Linear argues that Attica failed to comply with this Court's Order by withholding claim terms for construction and extrinsic evidence. Instead of providing the information in the Joint Claim Construction Chart, as Linear states was required, Attica disclosed extrinsic evidence for the first time in its Response. Linear maintains that Attica's submissions were

untimely and the evidence should consequently be stricken. *Anchor Wall Systems, Inc. v. Rockwod Retaining Walls, Inc.*, 340 F.3d 1298, 1313-14 (2003) (a court may grant a Motion to Strike when a party's submissions are untimely).

Alternatively, Attica argues that it was unable to respond to Linear's proposed constructions in the Joint Claim Construction Chart because Linear did not reveal to Attica what its proposed constructions were or what the basis or support for its proposition was until the morning the joint chart was due to be filed with this Court. On August 14, 2013, Linear revealed to Attica the terms that it wants the Court to construe, without revealing the proposed constructions, the basis for each proposed construction, or the supporting evidence. On September 16, 2013, Attica stated that, given Linear's proposals, it was not proposing the construction of any terms because the ordinary and customary meaning of the claim 1 terms were sufficient to respond to the propositions Linear had made at that point. However, Attica did request that Linear disclose its proposed construction and the support for the terms in question as soon as possible, in light of the October 14, 2013 deadline to file a joint chart. Attica made a similar second request on September 18, 2013. Linear, however, did not provide Attica with its proposed construction and supporting evidence until the morning the joint chart was due. At that point Linear provided Attica with a 34-page document covering five terms, over three weeks after Attica had requested the information. Attica maintains that it had no time to fully respond to Linear's submissions at that time.

Additionally, the *Anchor* case that Linear relies on was a situation where a consolidated pretrial scheduling order specifically required that discovery close by a certain

date. *Anchor*, 340 F.3d at 1314. The evidence sought to be stricken was served on the defendants after the close of discovery, and was consequently deemed untimely. *Id.* In the instant case, Attica's submissions do not violate any of the requirements of this Court's Scheduling Order.

### B.     Requirement for Responsive Evidence

Linear argues that there was a requirement to disclose extrinsic evidence in the claim chart, which Attica failed to do. Linear bases this argument on several elements. First, Linear maintains that the untimely evidence Attica submitted pertained to the construction of the "reject mechanism" term, which Attica knew was a term at issue from the outset of the case. Second, Attica did not disclose any claim construction witnesses or extrinsic evidence in their initial disclosures. Third, in April 2013 Linear requested Attica produce its extrinsic evidence, Attica responded by representing that such information would be include in the claim chart. Finally, Attica acknowledged in writing that the claim chart must include "citation to any extrinsic evidence." Therefore, Linear maintains that there is no arguable ambiguity as to whether or not extrinsic evidence needed to be disclosed in the claim chart.

Attica alternatively argues that not only was there insufficient time for it to meaningfully respond to Linear's proposed constructions, but that there was never any agreement between the Parties or an order from the Court that the chart was to serve that purpose. Attica points out that Linear cites no evidence in support of its claim that it was "clearly understood" that the joint chart was to include support for Linear's proposed constructions, and support for Attica's objections to Linear's proposed construction. Additionally, Attica questions why, if Linear's proposal is correct, did Linear wait until the

morning the chart was due to provide Attica with its proposed constructions and supporting evidence? Attica maintains that Linear's behavior was an attempt to sandbag Attica and gain an unfair advantage.

### C. Prior Improper Disclosure

Linear alleges that Attica has a history of disregarding the proper disclosure of extrinsic evidence for patent claim construction. In support, Linear points to *Delphi Automotive Systems, LLC v. Vehicle Occupant Sensing Systems*, 2012 U.S. Dist. LEXIS 4956 (E.D. Mich. Jan. 17, 2012). Linear argues that in *Delphi* Attica tried to disclose extrinsic evidence for the first time in the claim construction response brief, however Judge Cook found that the scheduling order was "arguably ambiguous" and did not strike the evidence. *Id.* at *5, 9-10.

Attica argues that there is no "pattern of improper disclosure" and emphasizes that Linear's argument omits essential facts. Linear fails to mention that in *Delphi*, the issue was the evidentiary support for the proposed claim constructions, not evidence in opposition to proposed claim constructions as is the issue in the instant case. *Delphi*, LEXIS 4956, *2-3. Attica maintains that there was no agreement or Court order requiring it to include all of its evidence in opposition to Linear's proposed construction in the joint chart, and even if there were such an order, it would have been impossible for Attica to do so given that Linear did not make full disclosure of its proposals until the morning the joint chart was due. Moreover, in *Delphi*, the court's scheduling order specifically set deadlines for the exchange of terms and the exchange of the proposed constructions and any support evidence, wherein the present case, this Court did not set a deadline to reveal evidentiary support for proposed constructions.

5

### D. Linear's Contributory Delays

Additionally, Attica argues that any current time constraints Linear is experiencing in responding to Attica's cited evidence is ultimately due to Linear's own delay in revealing its proposed constructions and supporting evidence. Attica maintains that while Linear complains Attica did not disclose its evidence in opposition to Linear's proposed constructions in its Initial Disclosures, Linear did not disclose its proposed constructions until months after Attica served its Initial Disclosures and interrogatory responses. Attica alleges that much of the evidence Linear argues is impermissible, i.e. declarations from the inventor of the Patent, William Bennet, and expert Mike Nygaard, is timely relative to when Attica came to possess the evidence. It was only after seeing Linear's assertion in its opening brief that Attica failed to cite evidence establishing that "reject mechanism" connotes definite structure to one of skill in the art, that Attica sought supporting evidence to establish how the term has been historically regarded by such persons.

Additionally, Attica notes that the prior art evidence it cites was readily available to Linear well before it was cited by Attica. The information was accessible through a basic search of the USPTO public records via the internet. Attica alleges that not only could Linear have discovered the aforementioned information before Attica's Response, Linear should have conducted the same basic prior art patent search to determine whether or not its claim was valid. Likewise, Linear had ample time to depose Bennet about the Patent, but chose not too.

### IV. CONCLUSION

For the reasons set forth above, the Court will DENY Linear's Motion to Strike and Disregard Attica's Untimely Extrinsic Evidence for Claim Construction [#50].

**IT IS SO ORDERED.**

Dated:  January 3, 2014                                /s/Gershwin  A  Drain
                                                                                GERSHWIN A. DRAIN
                                                                                US DISTRICT COURT JUDGE