**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LINEAR GROUP SERVICES, LLC,**          **CIVIL ACTION NO. 13-cv-10108**

    **Plaintiff and Counter-Defendant,**

    vs.                                                                          **DISTRICT JUDGE GERSHWIN A. DRAIN**

**ATTICA AUTOMATION, INC.,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant and Counterclaimant,**

and

**ND INDUSTRIES, INC.,**

    **Counter-Defendant.**
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 33)

This matter comes before the Court on Plaintiff's motion to compel discovery. (Docket no. 33). Defendant Attica Automation, Inc. filed a response. (Docket no. 38). Plaintiff filed a reply. (Docket no. 40). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 35). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

Plaintiff/Counter-Defendant, Linear Group Services, LLC ("Linear"), filed the instant declaratory judgment action against Defendant/Counterclaimant Attica Automation ("Attica") on January 11, 2013, seeking a judgment of non-infringement and invalidity of Attica's U.S. Patent No. 6,787,724 (the "'724 Patent"). Attica filed its answer and counterclaim alleging that Linear has and continues to infringe the '724 Patent. Attica also filed a claim against ND Industries, Inc. ("ND

1

Industries"), claiming that ND Industries infringed the '724 Patent by using sorting machines supplied by Linear that infringe the patent.

Plaintiff served its First Request for Production of Documents and First Set of Interrogatories on Attica, seeking responses to forty-five document requests and ten interrogatories. Defendant Attica served responses and objections to the requests on May 22, 2013. (Docket no. 33, ex. A, B). Plaintiff now moves for an order compelling more complete responses to Request for Production nos. 6, 9, 16, 26, and 39 and Interrogatory no. 6.

Request for Production no. 6 asks Defendant for all documents constituting or referring to any study or investigation of the validity, enforceability, infringement or ownership of the patent, or any other corresponding domestic or foreign patents or applications. Request no. 9 asks for all documents, including patentability opinions, which address the issue of patentability of the subject matter of the patent. Request no. 16 asks for all documents that evidence or refer to any investigation, study, analysis or testing of any accused product of Plaintiff performed by or on behalf of Defendant, or which memorialize any internal discussions or communications with respect thereto. Request no. 26 asks for all documents which refer to, or which were considered in connection with, Defendant's decision to notify Plaintiff of Defendant's alleged infringement. Finally, Request for Production no. 39 asks Defendant for all documents and things that Defendant contends support its claims in this case.

Interrogatory no. 6 asks Defendant to identify every analysis, review, study, summary, advice, opinion, or report, whether oral or written, referring to the patent including those addressing the issues of scope, claim interpretation, infringement, validity, enforceability, design around, alternative design, or misuse of the patent.

Defendant objected to each request to the extent the request required disclosure of privileged communications or attorney work product. Plaintiff now argues that Defendant waived any privilege by failing to produce a privilege log as required by Federal Rule of Civil Procedure 26(b)(5). Plaintiff contends that Defendant has been represented by at least three law firms with respect to the discovery requests at issue. Plaintiff claims that with respect to two of the three law firms, Brooks Kushman and Gifford, Krass, Sprinkle, Anderson & Citkowski, Defendant failed to produce any privilege log and therefore waived any privilege. With respect to the third firm, Reising Ethington, Barnes, Kisselle, P.C., Plaintiff claims that Defendant produced a privilege log related to work performed by the firm, but waived any privilege by voluntarily disclosing "numerous other privileged communications involving Reising Ethington" and the patent prosecution.

In response, Defendant argues that Plaintiff's motion is based upon twenty-five documents that Plaintiff claims disclose either privileged communications or work product. Defendant further claims that of these twenty-five documents, twenty-two are not privileged at all. Defendant claims that the remaining three documents are privileged and were inadvertently disclosed. Defendant asks the Court to compel Plaintiff to acknowledge the privileged nature of the three documents and return them to defense counsel immediately, destroying any copies.

The Court has fully considered the parties' arguments and all corresponding exhibits. Despite Defendant's claims, it is not at all clear to the Court that Plaintiff's motion is based only on twenty-five documents. Defendant attached an exhibit listing the documents it believes serves as the basis of the motion. (Docket no. 39, ex. A). Plaintiff filed the identical documents as exhibit E to its brief, claiming that the documents reflect "numerous attorney communications" with counsel from the Reising Ethington and Howard & Howard law firms. (Docket no. 34, ex. E). Plaintiff

3

states that the documents in exhibit E show that Defendant waived any privilege with respect to matters handled by the Reising Ethington firm. However, the documents in Plaintiff's sealed exhibit E and Defendant's sealed exhibit A do not fully address the issue of whether Defendant withheld information and documents responsive to Interrogatory no. 6 and Document Request nos. 6, 9, 16, 26, and 39 on the basis of unsubstantiated privileges or work product protection.

The lack of clarity in the motion and in the parties' briefing can be attributed to a less than adequate Rule 7.1(a) conference between the parties before the motion was filed and by Defendant's unsupported objections to the discovery requests at issue on the grounds of privilege and attorney work product.

The Court is not willing to find that Defendant waived its privilege with respect to any document at this time. Instead, the Court will order Defendant to serve supplemental written responses to Interrogatory no. 6 and Request for Production nos. 6, 9, 16, 26, and 39. Defendant will be ordered to produce all documents responsive to the above discovery requests that it has not already produced. If Defendant Attica claims privilege or protection under the attorney work product doctrine over any responsive documents, Defendant must state as much in its supplemental response and produce a detailed privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5). It should go without saying that if Defendant does not intend to withhold documents on the basis of privilege or work product, it should not assert such objections to the requests. To the extent Defendant has previously produced all responsive documents, it must state as much in its supplemental response. Plaintiff may refile its motion to compel responses to these requests if it is not satisfied with Defendant's supplemental responses.

As for whether Defendant waived its privilege with respect to the three documents Defendant

refers to as documents 11, 22 and 24 in its sealed exhibit A, the Court is satisfied that the disclosure of these documents was inadvertent and does not waive Defendant's privilege. Plaintiff will be ordered to return these documents to defense counsel immediately and destroy any copies.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery (docket no. 33) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that on or before March 21, 2014 Defendant must do the following:

> 1. Serve Plaintiff with supplemental written responses to Plaintiff's Interrogatory no. 6 and Request for Production nos. 6, 9, 16, 26, and 39.
> 2. Produce all documents responsive to the above discovery requests that were not previously produced, or state in writing that all responsive documents have been produced.
> 3. Produce a detailed privilege log in accordance with Rule 26(b)(5) listing any document it claims is privileged.

**IT IS FURTHER ORDERED** that within seven days of entry of this Order, Plaintiff must return to Defendant the documents identified as documents 11, 22, and 24 in Defendant's sealed exhibit A (docket no. 39) and destroy any copies it has in its possession.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 3, 2014         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 3, 2014         s/ L. Bartlett
                             Case Manager