UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINEAR GROUP SERVICES,

    Plaintiff,

vs.

Case No. 13-10108
HON. GERSHWIN A. DRAIN

ATTICA AUTOMATION, INC.,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEPOSITION ANSWERS [#67] AND AMENDED SCHEDULING ORDER**

**I.   INTRODUCTION**

On January 11, 2013, Linear Group Services, LLC ("Linear") filed the present action against Attica Automation, Inc. ("Attica"), seeking a declaration that Linear's technology does not infringe Attica's U.S. Patent No. 6,787,724 ("the Patent"), or, in the alternative, a declaration that the Patent is invalid. On February 28, 2013, Attica brought a counterclaim against Linear and ND Industries, Inc. ("ND") alleging direct and indirect infringement of Attica's Patent.

Presently before the Court is Linear's Emergency Motion to Compel Deposition Answers and Adjust Remaining Dates [#67], filed on March 5, 2014. Attica filed a brief in opposition on March 24, 2014 [#74], and Linear filed a Reply [#80] on April 3, 2014. Upon review the Court concludes oral argument is unnecessary and the Court will resolve the instant motion on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2).

Based on the facts below, this Court grants Linear's Motion to Compel Deposition

Answers and adjusts the remaining dates accordingly.

## II.     Factual Background

On September 7, 2004, Attica was granted the Patent for a sorting machine, which is used during the manufacture of mass quantities of fasteners such as bolts and screws with the purpose of segregating or removing nonconforming fasteners from the batch of conforming fasteners. The abstract of the Patent states:

> A sorting machine receives a bulk of workpieces or fasteners from a hopper unit into a feed station which align the fasteners into a single file for engagement to a transport system of an inspection station. Preferably, the transport system has a conveyor belt with a magnetic member disposed radially inward from the belts. The fasteners are preferably ferrous and thereby engage the conveyor belt via the magnetic field which penetrates the belt. The fasteners are thus carried along the transport system past a trigger sensor which sends a signal to a central controller to timely actuate a dimensional sensing apparatus which takes an image of the fastener and sends it to the central computer for dimensional analysis. If the fastener fails to meet pre-established guidelines the nonconforming fastener is ejected from the transport system via a reject mechanism. If the fastener conforms, it continues to move along the transport system, past a counter sensor and is then dropped off the conveyor belt of the transport system into a packaging station for ultimate delivery to the customer.

A claim construction hearing held before this Court on January 29, 2014, resulted in the Court interpreting all of the disputed patent claims according to their ordinary and customary meaning.

Linear noticed a Federal Rules of Civil Procedure 30(b)(6) deposition of Attica, and listed 17 topics that were to be covered. Attica's representative is its President and owner, William Bennett ("Bennett"). Bennett is the named inventor of Attica's patent and is the only person listed in Attica's Rule 26 disclosures. The deposition was originally scheduled for February 7, 2014, but was rescheduled for February 17, 2014, due to a death in Bennett's family. Approximately ten minutes after the deposition began, Linear's counsel terminated

the deposition. Linear maintains the termination was because Bennett was deliberately evading its questions. Linear now requests this Court compel Bennett to reappear for a deposition and pay costs, directly answer Linear's questions, and extend the deadline for dispositive motions. Discovery in this case was originally due by February 24, 2014, and the Dispositive Motion deadline was March 25, 2014.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

Under the FED R. CIV. P. 30(b)(6) a party may notice a:

> [P]ublic or private corporation, a partnership, an association, a governmental agency, or other entity...The named organization must then designate one or more of its officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matter on which each person designated will testify...[t]he persons designated must testify about information known or reasonably available to the organization.

A deposition provides the opportunity for the other side to examine and cross-examine a deponent as they would at trial. FED R. CIV. P. 30(c)(1). The deponent is placed under oath and an officer must record the testimony given. "An objection at the time of the examination...must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." FED R. CIV. P. 30(c)(2). However:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party...[i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

FED R. CIV. P. 30(d)(3)(A).

A party may make a motion to compel disclosure or discovery if "a deponent fails to answer a question asked under Rule 31 or 30." FED R. CIV. P. 37(a)(3)(B)(i). However,

3

upon a deponent's failure to answer, opposing counsel may "complete or adjourn the examination before moving for an order." F$_{ED}$ R. C$_{IV}$. P. 37(a)(3)(C). For the purpose of determining when it is proper to file a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." F$_{ED}$ R. C$_{IV}$. P. 37(a)(4). If the motion to compel is granted, the court must require the party or attorney whose "conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorney fees." F$_{ED}$ R. C$_{IV}$. P. 37(5)(A). However the court must not order any payment if the "movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or the opposing party's nondisclosure or objection was "substantially justified," or "other circumstances make an award of expenses unjust." F$_{ED}$ R. C$_{IV}$. P. 37(5)(a)(i)-(iii).

### B.     Bennett's Deposition

Linear began Bennett's deposition by questioning him about a letter from May 2001 and whether the letter pertained to a sale by Attica of a commercial embodiment of Attica's patent. Linear argues a motion to compel is proper because it was forced to terminate the deposition after Bennett continuously responded with vague and evasive answers. For example:

> Q: [Mr. Moskal] Is Exhibit 59 a sales proposal for a machine that is covered by your patent?
>    MR. TUTTLE:[1]        Objection to form. It calls for a legal conclusion.
>    THE WITNESS:     It is possible.
>         \*                          \*                          \*
> Q: Could it be a sales proposal for some other type of machine? Or do you believe it is a proposal or a machine that is covered by your patent:
>    MR. TUTTLE:         Objection to form, asked and answered. Same

---

[1] Robert Tuttle is the attorney for the defense.

4

>                              objection. Calls for legal speculation.
> THE WITNESS: It is possible.
>                *                *                *
> Q: Do you understand this to be a sales proposal for a machine that you believe is covered by your patent?
> MR. TUTTLE: Objection, asked and answered.
> THE WITNESS: I have answered the question.
> Q: What is your answer:
> A: It is possible.

Transcript at 5-6. When asked whether he believed one of his own machines was or was not covered by his patent, Bennett only responded "it is possible." *Id*. at 5. Linear maintains that such responses are evasive because Bennett is indicating that it is possible that he believes his machine is covered by his patent, and it is possible that he believes it is not covered. When Linear attempted to clarify, Bennett refused to answer and would only state "I have given my answer."

Moreover, when Linear questioned Bennett by using language exactly from the patent to describe the machine at issue, Bennett avoided giving a direct answer by repeating the words in his document. For example:

> Q: Okay, at the end it says, quote, "Defects will be ejected from the flow of parts." close quote. Do you see that?
> A: Yes, I do.
> Q: Is that describing the nonconforming parts being removed from the transport system by the reject mechanism?
> MR. TUTTLE: Objection. The document speaks for itself.
> THE WITNESS: "Defects will be ejected from the flow of parts." That's what it reads
> Q: Is that describing the nonconforming parts being removed form the reject mechanism.?"
>                *                *                *
> THE WITNESS: That's what it reads.

Transcript at 9 - 10.

Linear maintains that the questions it posed to Bennett were basic, straightforward,

5

and directly related to the heart of this case - whether a machine falls within Attica's patent. Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401(a). Specifically, the questions referred to a document Bennett himself authored, a machine he describes in the document, and as to whether the document and machine embody what is stated in his patent.

Attica argues that even if Bennett's answers were evasive, they were not severe enough to warrant Linear stopping the deposition. However, Bennett's answers are analogous to those the court found unacceptable in *Citimortgage Inc. v. Chicago Bancorp, Inc.*, No. 12-cv-00246, 2013 LEXIS 107131, *10 (E.D. Mo. July 31, 2013), which included giving evasive or non-responsive answers or refusing to answer numerous questions, with "asked and answered" considered to be the same as refusing to answer. *Id*. Furthermore, the case law Attica cites in support pertain to more severe obstructions of discovery that result in more severe consequences. For example, in *Starbrite Waterproofing Co., Inc. v. United States*, 164 F.R.D. 378 (S.D. N.Y. 1996), the defendants refusal to respond to numerous discovery requests and blatant disregard of a direct court order to comply, resulted in the defendant's answer being stricken and judgment entered in favor of the plaintiff. In *Garcia v. Las Brisas Quick Hand Car Wash*, No. 09-22599, 2011 LEXIS 76935 (S.D. Fla. July 15, 2011), a defendant's vague and evasive answers to the most basic deposition questions (i.e. whether or not defendant and his wife ever owned a car wash business together) resulted in the court compelling the defendant to answer and awarding sanctions. In *Citimortgage*, No. 12-cv-00246 at *10, the court awarded sanctions for the defendant's refusal to provide a suitable witness under FED R. CIV. P. 30(b)(6). The instant matter is not severe enough to warrant sanctions, but has caused enough substantial

damage to cause this Court to consider whether to permit a rescheduled deposition.

Bennett's responses were evasive, and therefore constitute an improper failure to respond under FED R. CIV. P. 37(a)(4). *Citimortgage,* No. 12-cv-00246 at *19. In such a situation Linear could, but did not have to, continue with the deposition. FED R. CIV. P. 30(d)(3)(A) and 37(a)(3)(C). Linear's termination of the deposition was permissible and this Court will consequently grant Linear's Motion to Compel Bennett to resume his deposition and directly respond to Linear's questions.

### C. Linear's Timing

Bennett's deposition was held on February 17, 2014. Discovery, which opened in April 2013, was due by February 24, 2014. Although Linear waited until late in the discovery period to depose Bennett, this Court will not limit Linear's opportunity to complete Bennett's deposition because of the timing.

FED R. CIV. P. 16(b)(4) states that "[a] schedule may be modified only for good cause." While Attica argues that Linear did not act with good cause when it terminated Bennett's deposition after only ten minutes of questioning, as previously recognized, FED R. CIV. P. 30(d)(3)(A) and 37(a)(3)(C) permits a party to terminate a deposition when the deponent's responses are evasive. Although Linear could have continued questioning Bennett and raised its objections after the deposition was complete, there is no requirement under the Federal Rules that it must have done so. A review of Bennett's deposition reveals vague and evasive answers, therefore Linear has demonstrated good cause for the modification of the scheduling order.

Therefore, discovery will not be extended, but Linear is permitted to re-depose Bennett within 30 days of this order. Additionally, the following dates will govern in this

matter:

    Dispositive Motion Cut-off:    June 5, 2014

    Final Pretrial Order due:    August 12, 2014

    Final Pretrial Conference:    August 19, 2014

    Trial Date:    September 2, 2014

However, it is unclear why Linear waited two and a half weeks after Bennett's terminated deposition to file this motion. The deposition was held on February 17, 2014, however Linear did not file the instant motion until March 5, 2014. Because of Linear's delay this Court will not award Linear costs for this motion and will require Linear to cover the costs for reconvening the deposition.

**IV.  CONCLUSION**

Based on the aforementioned arguments, this Court will GRANT Linear's Motion to Compel Deposition Answers and Amend the Scheduling Order.

It is further ordered that Linear pay for the costs of reconvening the deposition. The deposition is to be a videotaped deposition with both counsel and witnesses in view of the camera because of allegations of impropriety during the initial deposition.

SO ORDERED.

Dated: April 21, 2014                                                        /s/Gershwin A Drain
                                                                                     GERSHWIN A. DRAIN
                                                                                     UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2014, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk