UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINEAR GROUP SERVICES, LLC,

        Plaintiff,                         Case No. 13-cv-10108
                                                     HON. GERSHWIN A. DRAIN

vs.

ATTICA AUTOMATION,

        Defendant,

vs.

ND INDUSTRIES, INC.,

        Counter-Defendant.

_____/

## ORDER DENYING REQUEST FOR JUDICIAL NOTICE [#131]

The instant patent action is scheduled for a jury trial on September 2, 2014. Presently before the Court is the Plaintiff, Linear Group Services, LLC's ("Linear"), and the Counter-Defendant, ND Industries's ("NDI"), Request for Judicial Notice, filed on August 14, 2014. Defendant, Attica Automation ("Attica"), filed a Brief in Opposition to Linear's and NDI's Request for Judicial Notice on August 19, 2014. For the reasons that follow, the Court will deny Linear's and NDI's Request for Judicial Notice.

Linear and NDI request that the Court take judicial notice of the dictionary definitions of "conforming" and "reject" from The American Heritage College Dictionary (4th ed.). Rule 201 of the Federal Rules of Civil Procedure states:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Civ. P. 201(b). The result of judicial notice "is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, [therefore] caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).

Here, judicial notice of the dictionary definitions of the terms "conforming" and "reject" is inappropriate. Dictionaries are extrinsic evidence and should only be considered if the intrinsic record is insufficient to delineate the scope of the patent's claims. Additionally, the Federal Circuit has expressly noted that dictionaries are of limited value in determining the scope of an invention. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1321-22 (Fed. Cir. 2005).

Moreover, Linear and NDI fail to provide this Court with any supporting authority for taking judicial notice of the dictionary definitions of "conforming" and "reject" in a patent action. *See Pyles v. MSPB*, 45 F.3d 411, 415 (Fed. Cir. 1995) (taking judicial notice of the definition of dementia in an appeal of a Merit Systems Board case); *Comerica Bank v. Lexington Ins. Co.*, 3 F.3d 939, 943 (6th Cir. 1993) (taking judicial notice of the dictionary definition of "arising" in an insurance dispute); *Knelman v. Middleburg College*, 898 F. Supp.2d 697, 711 n.4 (D. Ver. 2012) (taking judicial notice in a contractual dispute); *Clark v. The Walt Disney Co.*, 642 F. Supp. 2d 775, 782 (S.D. Ohio 2009) (determining whether a dictionary definition can be used to support a Rule 12(b)(6) motion to dismiss or whether consideration of the definition requires that the motion be converted to a Rule 56 motion for summary judgment).

Accordingly, Linear's and NDI's Request for Judicial Notice [#131] is DENIED.

SO ORDERED.

Dated: August 26, 2014             /s/Gershwin A Drain
                                   GERSHWIN A. DRAIN
                                   UNITED STATES DISTRICT JUDGE