UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINEAR GROUP SERVICES, LLC,

        Plaintiff,                                 Case No. 13-cv-10108
                                                              HON. GERSHWIN A. DRAIN

vs.

ATTICA AUTOMATION,

        Defendant,

vs.

ND INDUSTRIES, INC.,

       Counter-Defendant.

_____/

**ORDER OVERRULING LINEAR'S OBJECTION TO ATTICA'S PROPOSED JURY INSTRUCTION ON LITERAL INFRINGEMENT**

       The instant patent action involves Attica Automation's '724 patent for a sorting machine. Presently before the Court is Linear Group Services, LLC's objection to portions of Attica's proposed jury instruction regarding literal infringement. Specifically, Linear objects to the following language:

> Linear's accused sorting machine may be found to infringe if it is reasonably capable of satisfying the limitations of claim 1 of the '724 patent, even though it may also be capable of a non-infringing mode of operation.

*See* Dkt. No. 140 at 9. The parties have fully briefed their respective positions. Upon review of the parties' filings and the applicable case law, the Court concludes that Attica's proposed instruction is proper.

It is well-settled that "in determining whether a product claim is infringed, . . . an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation." *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001); *see also Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991) ("Because the language of claim 1 refers to 'programmable selection means' and states 'whereby when said alternate addressing mode is selected', the accused device, to be infringing, need only be capable of operating in the page mode. Contrary to GI/M's argument, actual page mode operation in the accused device is not required."); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010) (stating that "depending on the claims, an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of noninfringing modes of operation.").

Contrary to Linear's argument, the applicable case law does not require that the claim language have a "capable of" limitation, either expressly or as construed. The Court further rejects Linear's suggestion that an adjournment is required so that the Court can revisit claim construction. Attica's proposed literal infringement instruction comports with the law as stated by the Federal Circuit. Therefore, the Court OVERRULES Linear's objection to Attica's Proposed Jury Instruction 4.2.

SO ORDERED.

Dated: September 3, 2014                         /s/Gershwin A Drain
                                                 GERSHWIN A. DRAIN
                                                 UNITED STATES DISTRICT JUDGE